**MARALAN LAW, P.C.**
SAM MARALAN, State Bar No. 298866
3080 Bristol Street, Suite 630
Costa Mesa, California 92626
Telephone: (714) 641-0506
Facsimile: (714) 641-3604
sm@maralanlaw.com

Christian P. Jones (*Admitted Pro Hac Vice*)
Sara L. Menton (*Admitted Pro Hac Vice*)
Jessica M. Ally (*Admitted Pro Hac Vice*)
**INTACT INSURANCE SPECIALTY SOLUTIONS**
605 Highway 169 North, Suite 800
Plymouth, Minnesota 55441
Telephone: (781) 332-7201
Facsimile: (888) 252-0578

Attorneys for Plaintiff
**ATLANTIC SPECIALTY INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | Case No.  2:25-CV-06665-GW (AGRx)<br>Judge: George H. Wu<br>Magistrate Judge: Alicia G. Rosenberg<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to

requests for admission, or deposition testimony. In this case, the underlying settlement between parties' the insured contains strict confidentiality provisions, and the subject matter of the dispute touches on sensitive media rights, proprietary industry information, and ongoing commercial relationships. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed with an application to file under seal under Local Rule 79-5

and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal with an application to file under seal and the parties shall follow the procedures in Local Rule 79-5. ~~If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document.~~ Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed with an application to file under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings,

motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed with an application to file under seal by counsel and marked in the same manner as described in paragraph 4 above. ~~Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.~~

      7.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, ~~hearing, or pre trial proceeding,~~ the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition~~, hearing or pre trial proceeding~~.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute consistent with the court's scheduling order. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows ~~or reasonably should know~~ that a claim of confidentiality is ~~would be~~ made by the producing party. Promptly after receiving

notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

13. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14. Pursuant to Federal Rule of Evidence 502(b)(2), if a party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal, state, arbitration, or any other proceeding –

of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    a. Notification Requirements; Best Efforts of Receiving Party. A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must – unless it contests the claim of attorney- client privilege or protection as trial preparation material in accordance with subparagraph (b) below – promptly (i) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination and use of the Protected Information. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.]

    b. Contesting Claims of Privilege or Protection as Trial Preparation Material. If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must – within 30 days of receipt of the notification referenced in subparagraph (a) above – move the Court for an Order finding that the

        material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion. The Producing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

    c.    The parties may stipulate to extend the time periods set forth in subparagraphs (a) and (b). Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Protected Information.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.    This order does not govern trial.  Information designated confidential and used at trial, dispositive motion, or other qualifying motion will become public absent a written motion and a sufficient showing under applicable law.  The restrictions on disclosure and use of confidential information shall survive the conclusion of this action. ~~and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order~~.

18.    Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

19.    This Order may be amended and superseded by any subsequent order

of the Court on the Court's own motion, upon the stipulation of the Parties, or on other grounds that are appropriate under applicable law.

IT IS SO STIPULATED.

Dated: 12/08/2025          By: */s/ Sam Maralan*
                                 Sam Maralan
                                 MARALAN LAW, P.C.
                                 */s/ Christian P. Jones*

                                 Christian P. Jones
                                 Sara L. Menton
                                 Jessica M. Ally
                                 **INTACT INSURANCE SPECIALTY SOLUTIONS**

                                 Attorneys for Plaintiff
                                 **ATLANTIC SPECIALTY INSURANCE COMPANY**

Dated: 12/08/2025          By: */s/ Bridget A. Moorhead*
                                 Sheryl W. Leichenger
                                 Bridget A. Moorhead
                                 **SELMAN LEIGHENGER EDSON HSU NEWMAN MOORE LLP**

                                 Attorneys for Defendant
                                 **CONTINENTAL CASUALTY COMPANY**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

Dated: December 15, 2025

_____
Hon. Alicia . Rosenberg
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of _____ , declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Atlantic Specialty Insurance Company v. Continental Casualty Company. et al., 2:25-cv-06665 (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Signed

_____
Printed

_____
Date